**DISMISS and Opinion Filed August 28, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-24-00781-CR**

**JOVON RASHAD BROOKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 077295**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Jovon Rashad Brooks appeals his convictions for theft and unauthorized use of a motor vehicle. We dismiss this appeal for want of jurisdiction.

Appellant was charged in count 1 with theft of property, a motor vehicle, with a value of $2,500 or more but less than $30,000, and in count 2 with unauthorized use of a motor vehicle. Both offenses are state jail felonies. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(a); *id.* § 31.07. No punishment-enhancement paragraphs were alleged in the indictment. Subsequently, appellant agreed to plead guilty to the

charged offenses, and the State agreed not to allege punishment-enhancement paragraphs against appellant based on appellant's convictions in other states.

The prosecutor explained at the plea hearing:

He is pleading on both counts, and there is no enhancement allegation alleged in the Indictment. But after discussion with counsel and review of the Defendant's criminal history out of state, it is the State's position that it believes that there may be an enhancement possible where the Defendant could look at two to 20 years on this charge. . . . And in keeping with this plea agreement, the State is foregoing and forfeiting any right to later enhance the Defendant.

The trial court admonished appellant on the range of punishment for state jail felonies and then told appellant, "But you understand that is a plea agreement because the State has agreed not to file the enhancement." Appellant answered, "Yes, sir." Appellant also testified as follows:

Q. And you do understand that we—because they've agreed to not enhance, that's an agreement between us and the State. Then whatever he does, you can't—you can't appeal that?

A. Uh-huh.

Q. You do understand that, correct?

A. Yes, sir.

The trial court then told appellant:

[I]f myself or the Visiting Judge goes along with the agreement, you're waiving your right to appeal anything. Do you understand that?

THE DEFENDANT: Yes, sir.

The trial court accepted the plea bargain and found appellant guilty. At a subsequent hearing, the trial court assessed appellant's punishment at "20 months state jail."

The plea documents signed by appellant included a "Waiver of Right to Appeal" in which appellant stated, "I do not intend . . . to appeal from this conviction."

The trial court's certification of defendant's right of appeal states the court "certif[ies] this criminal case is a plea-bargain case and the defendant has no right of appeal."

We requested appellant and the State to file letter briefs addressing this Court's jurisdiction, but neither has filed a brief.

A criminal defendant cannot appeal from a plea bargain except in specific, limited circumstances:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

TEX. CODE CRIM. PROC. ANN. art. 44.02. The Texas Rules of Appellate Procedure set out further limitations:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the

punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Plea bargains include agreements to plead guilty in exchange for the State not pursuing enhancement paragraphs. *See Gordon v. State*, No. 05-19-00658-CR, 2020 WL 3071705, at *3 (Tex. App.—Dallas June 10, 2020, pet. ref'd) (mem op.; not designated for publication). We conclude the State's agreement not to bring punishment-enhancement allegations in exchange for appellant pleading guilty constitutes such a plea bargain. None of the three grounds for jurisdiction listed in Rule 25.2(a)(2) apply in this case.

When an appeal from a plea bargain is not authorized by Rule 25.2, "[a] court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Rule 25.2(d) also requires the court of appeals to dismiss the appeal if there is no certification from the trial court showing the defendant has the right of appeal. TEX. R. APP. P. 25.2(d). The certification in this case affirmatively shows appellant

did not have the right to appeal, and the certification is supported by the record. Therefore, we must dismiss the appeal. *Id.*; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

## CONCLUSION

We dismiss this appeal for want of jurisdiction.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

240781F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOVON RASHAD BROOKS,
Appellant

No. 05-24-00781-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 077295.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered August 28, 2024